RICHARD J. HAMILTON, ESTHER EWING, GEORGE W. EWING, MURRAY F. TULEY, B. F. BLACKBURN, GEORGE W. TURNER, THOMAS J. BYRD and JANE F. BYRD, Appellants, *v.* THE CITY OF CHICAGO, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Proceedings under special assessment for the city of Chicago, prior to the passage of the law of 1857, were limited in time, both as to the order of sale and the sale of property, and the sale was required to be within two years from the date of the order confirming the assessment; unless it was delayed by legal proceedings.

THIS was a proceeding to levy a special assessment in the city of Chicago.

The collector reported to a special term of the Common Pleas, that the warrants for the collection of these assessments were issued, as required by law, and were delivered to him on or before the second Tuesday of October, 1858.

That he forthwith published a notice in the corporation newspaper, that such warrants were in his hands for collection, describing the nature of the warrants and requesting all persons forthwith to make payment, and that, in default, the assessment would be collected at the cost and expense of plaintiffs in error.

That he had given ten days' notice of his intended application to the court, for a judgment against said lots, for the amount, interest and costs due; in which he himself set forth the nature of said warrants, and in which he requested all persons interested therein to attend at said term.

The warrant contains the assessment roll, as follows:

" ASSESSMENT ROLL.

" Description of a *portion* of the real estate, deemed benefited by filling up and planking North Clark street from the river to Ontario street, with valuation thereof, and the sums of money, severally assessed thereon for benefits, by the commissioners, to wit:

"ORIGINAL TOWN OF CHICAGO.

| Names of Owners. | Description. | Lots. | Blocks. | Valuation. | Assessments. |
|---|---|---|---|---|---|
| R. J. Hamilton, | | 4 | 2 | 48,000 | 560.93 |
| W. G. and G. W. Ewing, | | 5 | 2 | 39,000 | 573.97 |
| J. V. and F. Byrd, | | 1 | 3 | 44,000 | 560.93 |

" The collector is commanded to levy, make and collect of the owners of the real estate, described in the warrant, the

Hamilton et al. *v.* City of Chicago.

money assessed thereon, for which each may be liable, and make due return in what manner he shall execute the writ, within thirty days from the date thereof.

" The collector makes return on the warrant, that he has made demand of the assessment on all the parties, opposite whose names, in its appropriate column, the word ' paid ' is not written. That he has not been able to find any personal property belonging to any of them, subject to the payment thereof. He, therefore, returns the warrants unsatisfied as to all assessments not marked ' paid ' on the face of the warrant."

"CORPORATION NOTICE.

CITY COLLECTOR'S OFFICE, CHICAGO,
*January* 7, 1859.

" Public notice is hereby given, that I shall apply to the Cook County Court of Common Pleas, on the first day of the special term thereof, to be holden at the court house, in the city of Chicago, on the 27th day of January, A. D. 1859, for judgment against all blocks, lots, sub-lots, pieces and parcels of land, together with the improvements, if any, situated thereon, for all taxes, assessments, interest and costs thereon remaining unpaid, as appears from the following described warrants now in my hands for collection."

" Warrant No. 106, north, dated November 24, 1856, for filling and planking North Clark street, from the river to Ontario street."

Defendants object to judgment being pronounced against said land mentioned in warrant number 106, and assign the following reasons :

Because said warrant was never delivered to the city collector, who makes this application.

Because said warrant was issued prior to the passage of the act of February 14, 1857, amending the charter of the city of Chicago.

Because the assessment upon which said warrant was issued was confirmed by the Common Council of said city, prior to the passage of said act of February 14, 1857, from which this court derives its jurisdiction.

This court has no jurisdiction or power to pronounce judgment in this cause, because the said special assessment upon and for which this warrant was issued, was duly confirmed by the Common Council of the said city of Chicago, more than two years previous to this application being made, to wit, on the 24th day of November, A. D. 1856.

Because more than two years have elapsed since the corrected assessment roll, upon which this warrant issued, was confirmed by the said Common Council.

Because an application was made by the proper city authority at the County Court of Cook county, (which court then had jurisdiction in such cases,) for judgment against the lots and real estate, mentioned in said warrant, for the amount of said assessment upon the same at the —— term of said court, for the year A. D. 1857, and that the said court refused said application, and that the judgment of said court refusing said application was a final decision as to right of the city authorities to have judgment in favor of the city upon said warrant.

Because the said assessment was not levied according to law.

Because the several orders and proceedings of the Common Council, for said improvement, and in assessing and collecting the moneys for the same, are illegal, improper and void.

Because no sufficient notice of the application for judgment has been given.

Because the prerequisites for the resolutions of judgment, by this court, have not been complied with.

Because said alleged warrant was issued prior to the act of February 14, 1857, and the assessment upon which said alleged warrant is claimed to have been issued, was confirmed by the Common Council, prior to the passage of said act, from which this court obtains its jurisdiction.

The court has no jurisdiction, because said special assessment, upon which this alleged warrant was issued, was confirmed by the Common Council of the city of Chicago, more than two years previous to this application being made, and to the filing of the collector's report.

On the 3rd of February, the court rendered a judgment against said lands described in aforesaid warrant, for the sum annexed to each lot, piece or parcel of land, and for costs of suit severally thereon; and the further sum of ten per cent. upon the amount of assessments respectively due and unpaid, upon each of the lots therein, and made an order for sale of said lots, for the payment of the amount of said judgment.

And thereupon Richard J. Hamilton, owner of lot 4, block 2, and G. W. Ewing, owner of lot 5, block 2, Esther Ewing, owner of sixty feet of said lot 5, in block 2, and G. W. Turner and Jane F. Byrd, owners of lot 1, in block 3, of original town of Chicago, severally entered their exceptions herein, and prayed an appeal to the Supreme Court for the lots belonging to them severally.

Afterwards comes the said city attorney, and moved that judgment be entered against the said lots and pieces of land, in said warrant number 106, described, in favor of said city of Chicago.

Hamilton et al. *v.* City of Chicago.

Thereupon, defendants, by their attorneys, object, and insist that plaintiff should produce, and offer in evidence, the original warrant described in the said city collector's report as number 106, before he could demand judgment against said land.

And thereupon, defendants, in support of their objections aforesaid, by them filed, offered as a witness, one *Gray*, who being sworn, deposes and says, he was then a deputy city collector, and had been, as such deputy, in the said collector's office, ever since the said collector had been in office. That the warrant produced by the witness was the only warrant in the possession of the city collector, relating to the assessments described in warrant number 106, of the city collector's report, and that it was the original of the warrant described in said report as warrant 106, and that said original was received by the present city collector, with a number of warrants, from the special collectors of said city, who were in office previous to the said city collector.

Defendants then offered in evidence the said original warrant and return thereto. Said warrant and return, as set out above.

Defendants further offered in evidence the orders and proceedings of said Common Council in reference to said assessment, and the assessment roll returned by said commissioners, as follows :

"IN COMMON COUNCIL,

SEPTEMBER THE 26TH, 1856.

"Ordered, That the old plank, in North Clark street, from the dock line to the north line of Ontario street, be taken up, and said part of said North Clark street be filled up to the established grade. That the same be planked twenty-four feet, in the center, and curbed with new plank, and the sides be planked with selected old plank ; that both sides of said part of said street be substantially curbed with new plank. All to be done in accordance with superintendent's estimate, herewith submitted. Said work to be commenced within seventy days from date.

"Ordered, That the sum of $12,468.11, be assessed upon the real estate in the north division of the city of Chicago, deemed benefited by the said improvement, and that the Common Council do now elect, by ballot, three reputable and disinterested freeholders, of the city of Chicago, to make said assessment.

"The orders were passed, and the council proceeded to the election of commissioners thereunder."

The commissioners' return certifies that they were duly qualified ; that they published a notice of the time and place of meeting, for the purpose of making said assessment, in "Chicago

Daily Times," the corporation newspaper, for six consecutive days previous to such meeting, a certificate of which is hereunto attached; that they were present at the time and place designated, and did then and there make said assessment upon the real estate hereinbefore described; and that the assessment does not exceed three per cent. on the property assessed.

### " COMMISSIONERS' NOTICE.

" Public notice is hereby given to all persons interested, that the undersigned commissioners, appointed by the Common Council of the city of Chicago, to assess the sum of $12,468.11, upon the real estate in the north division, by them deemed benefited by filling up and re-planking North Clark street, from the river to Ontario street, will meet at room number three, in the court house, on the 7th day of October, 1856, at the hour of 10 o'clock A. M., for the purpose of making said assessment."

Certificate of publishers, that notice was published in " Chicago Daily Times," six days consecutively, commencing with September 26th, 1856.

### " ASSESSMENT NOTICE.

CITY CLERK'S OFFICE, CHICAGO, }
*October* 27, 1856.              }

" Public notice is hereby given to all persons interested, that the commissioners appointed as aforesaid, and for purpose aforesaid, have completed their assessment and made returns thereof.

" Any person wishing to appeal from said assessment, must file their objections, in writing, in my office, on or before the 10th day of November, 1856, at 7 o'clock, P. M., as the Common Council will, at that time, in the council room, hear all objections to said assessment, and revise and confirm or amend the same."

### " IN COMMON COUNCIL,

NOVEMBER 24, 1856.

" Whereas, due notice has been given by the city clerk of the return of the foregoing assessment roll, and no objections thereto having been filed, it is therefore ordered that the said assessment, as revised and corrected by the council, be and the same is hereby confirmed, and such assessment is hereby required to be paid within thirty days from this date, and that a warrant be issued for the collection thereof, returnable in thirty days from this date.

" It is further ordered, that upon the return of the said warrant, if any part of said assessment shall not be collected, the superintendent of special assessments shall apply to the County Court of Cook county, for judgment upon the real estate upon which said assessment remains unpaid, for the amount of such assessment and costs, after publishing a notice of such in-

tended application in the corporation newspaper for five days."

It was admitted by defendants, that the city collector made application for and obtained judgment upon said warrant, number 106, at the January special term, 1858, of said court; that said judgment was set aside, on motion of defendants, and the said judge did then and there give his opinion, and decide that said objections be overruled.

To which decision defendants excepted.

Scates, McAllister & Jewett, for Appellants.

E. Anthony, for Appellee.

Caton, C. J. We shall confine ourselves in this case, to the single question which it presents, and which is not raised in any of the other cases. The order of the Common Council confirming the corrected assessment roll, was passed on the 24th of November, 1856, and the application for judgment against the lots, was not made by the collector, till the January term, 1859, and the objection is, that the specific lien had terminated and no judgment *in rem*, could by law be rendered against the lots for the assessment. When the warrant for the collection of this assessment was issued, and till the passage of the law of 1857, no judgment of a court of law was required, to subject lands to the payment of assessments in Chicago. The eighth section of the city charter provided, that in case of non-payment of taxes and assessments, an order should be made by the Common Council, and entered at large on its records, directing the collector to sell the delinquent premises, which were to be particularly described in the order, as well as the assessment for which the sale was to be made, a certified copy of which, with the warrant, constituted the process, on which the sale was to be made. This provision was superseded by the 40th section of the amendment of the charter passed in 1857, which requires the judgment of a court of general jurisdiction, before the sale of the land. It is unnecessary now to say, whether the law of 1857, had so far a retroactive operation as to stop the execution of process for the sale of real estate, which had been regularly issued by the Common Council, but which yet remained unexecuted, until the judgment of condemnation by a court of law was obtained. The present inquiry is, whether a court of law, admitting its jurisdiction in such case, could render a judgment of condemnation against the land after two years from the order of confirmation of the assessment roll. This judgment is strictly *in rem*, and creates no personal liability against the owner of the land. It is for the enforcement of a specific lien,

38

existing upon the land, and not for the collection of a general debt, against the owner. This judgment of a court, was designed to supersede and take the place of the order of the Common Council, provided for in the 8th section of the city charter, and consequently, can only be made in a case where the Common Council could have passed such an order, had the law of 1857 not been passed. The proper solution of this question, must then depend upon the old law, existing prior to the amendment of 1857. It provides that all taxes and assessments levied under that act, " shall be a lien upon the real estate upon which the same may be imposed, rated or assessed, from and after the corrected assessment roll shall have been confirmed, and on personal estate, from and after the delivery of the warrant for the collection thereof, until paid, and no sale or transfer shall affect the lien." And the 8th section provides: " In case of the non-payment of any taxes or assessments, levied or assessed under this act, the premises may be sold for the payment thereof, at any time within two years after the confirmation of the assessment, by the Common Council," and the section then goes on to provide, that before such sale, an order for the sale shall be made by the Common Council, and entered at large on its records, a copy of which, together with the collector's warrant, shall constitute the process on which the sale shall be made. When these provisions of the charter are considered, there can be no doubt that it was the intention of the law, to limit not only the time within which the order of sale should be made by the Common Council, but actually the sale itself, to within two years of the date of the order confirming the corrected assessment roll, unless the sale was delayed by injunction or other legal process, as is contemplated by the proviso to the 4th section. There is certainly no intention to enlarge the time within which the order of sale shall be made, manifested by the 40th section of the amendment of 1857. Whatever there is in that, bearing on this subject, is restrictive in its character. That provides: " If from any cause the taxes and assessments charged in said collection warrants, are not collected or paid on the lands or lots described in such warrants, on or before the first Tuesday in January, ensuing the date of such warrant, it shall be the duty of the collector to prepare and make report thereof, to some court of general jurisdiction," etc. Now there is certainly nothing here, showing a design to enlarge the time within which judgment of condemnation shall be made; but it even limits the time within which the collector shall report and make application for judgment, to the first term after the first Tuesday in January, ensuing the date of the warrant. And this presents also another objection, which is urged to this proceeding, and that is that the

report and application for judgment, was not made within the time prescribed by this law. This warrant was dated more than two years before the report and application was made to the court for judgment, and hence the report was not within the time required.

The judgment must be reversed.

*Judgment reversed.*